DUFRESNE, Judge.
This lawsuit arose out of a dispute over the non-payment of legal fees between the law firm, Anderson & Adams and its client, Bayou Land & Marine Contractors, Inc. Plaintiff filed suit to collect outstanding fees and attorney’s fees for the collection of same pursuant to LSA-R.S. 9:2781.
The trial court rendered judgment in favor of plaintiff for $5,316.43 in unpaid fees, together with $1,500.00 in attorney’s fees for its collection.
The defendant has suspensively appealed.
This matter began when the defendant retained plaintiff for the purpose of collecting $118,455.45 owed for subcontracting work performed for S.I. Industries, a general contractor, on a Jefferson Parish pumping station. Plaintiff filed a public works lien upon the work site on behalf of defendant and a lawsuit against S.I. Industries in Orleans Parish in November, 1984. This suit was dismissed for improper venue. Shortly thereafter, in February 1985, plaintiff filed a second lawsuit on defendant’s behalf in Jefferson Parish. Ultimately, a compromise was negotiated for $102,875.77 in June, 1985.
In October, 1985, plaintiff invoiced the defendant for legal services rendered in connection with the collection and the negotiated settlement with S.I. Industries. Defendant refused to pay, asserting it was entitled to a set off for the delay occasioned by the filing of the original lawsuit in Orleans Parish. Plaintiff submitted a demand letter, via certified mail, in June, 1986, pursuant to LSA-R.S. 9:2781, setting forth the amount owed. Because defendant still refused to pay, plaintiff retained outside counsel to collect the unpaid legal fees, together with attorney’s fees for its collection.
As a result of the trial court’s judgment, defendant has appealed. After careful review of the record, we focus our attention upon two issues which will determine the outcome of this appeal, namely:
1. Was the defendant entitled to a set off for the delay created by filing the original lawsuit in Orleans Parish, and
2. Did the trial court properly find that the plaintiff complied with the provisions of LSA.-9:2781, for purposes of awarding attorney’s fees.
1. SET-OFF:
Defendant argues that it relied upon the professional expertise and advice of counsel in filing the original lawsuit in Orleans Parish. Defendant contends that plaintiff had indicated that it would ease case management since the law firm was located in New Orleans.
S.I. Industries filed an exception of improper venue which was granted. As a result, a second lawsuit was filed in Jefferson Parish as a de novo action. Defendant paid plaintiff’s fees and cost in connection with the filing and litigation of the lawsuit in Orleans. Defendant contends it is entitled to a set-off of any fee which might be owed because the filing in Orleans Parish was clearly in error and any legal fees incurred should, therefore be credited to defendant for work which was totally ineffective and caused great delay. Additionally, this procedural delay caused defen *440 dant’s loss of bonding capacity which completely undermined its operations.
The trial court was faced with conflicting testimony regarding the delay occasioned by the filing of the original lawsuit against S.I. Industries in Orleans Parish. According to the trial testimony of Michael McNulty, an attorney with plaintiff, Michael Thompson, vice-president of defendant requested that McNulty file the original lawsuit in Orleans Parish.
McNulty testified that Thompson indicated to him that he feared that his company would not be treated fairly in a Jefferson Parish courtroom since his lawsuit involved a Jefferson Parish project. According to McNulty, Thompson requested that a legal theory be developed to permit filing the suit in Orleans Parish. However, Thompson’s testimony conflicted with McNulty’s version. Thompson stated that no such request was ever made. In fact, he testified that he had no apprehensions regarding the Jefferson Parish forum.
We, as well as other courts have established a rule of law, that a reviewing court may not set aside a trial court’s finding of fact without concluding that the lower court committed manifest error. Furthermore, where there exists conflicting testimony, reasonable inferences of fact shall not be disturbed on review, even when the appellate court may feel that its own evaluations and inferences are as reasonable as the trial court. Rosell v. Esco, 549 So.2d 840 (La.1989), Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The trial court heard both explanations of the reason for filing the original lawsuit in Orleans Parish, and apparently reached a factual conclusion, based on the evidence, that the plaintiff’s version was more credible. We agree.
2.ATTORNEY FEES:
LSA-R.S. 9:2781 provides in pertinent part:
A. When any person fails to pay an open account within 15 days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney’s fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.
LSA-R.S. 13:3738 provides:
In any claim for attorney’s fees, whether by main, incidental demand, or rule nisi, or otherwise, the court shall allow the introduction of all admissible evidence in accordance with law, including real and documentary evidence and testimony, and shall allow oral and written argument in support thereof, and such evidence, testimony and argument shall be considered by the court in rendering judgment on the demand.
It is clear from the record, that the dispute over attorney fees was over the amount, as well as to the form of the bill. Our courts have ruled that a successful creditor is entitled to attorney fees, should he prove the amount is owed. A particular format setting out the amount and services rendered is not relevant to the collection of the bill. However, there should be some description of the bill in order to alert the debtor of the charges and type of services rendered.
In this lawsuit, the defendant argued the amount of legal fees was wrong and was not presented in proper form. After reviewing all the exhibits and hearing the testimony of the witnesses, the trial court concluded:
1. That the plaintiff actually performed all the legal services which were the subject of the dispute;
2. That these services were expected by the defendant;
3. That the service performed inured to the benefit of the defendant;
4. That the amount billed to the defendant for these services was reasonable; and
5. That plaintiff was entitled to be paid for these services.
The dispute over the amount was before the trial court, and a factual determination was made that defendant owed the legal fees.
*441 We have reviewed the record and find plaintiffs summary statement, which was provided to the defendant, contained an adequate and sufficient description of the services rendered. The defendant was provided legal services and the terms, costs and method of payment were understood by both parties.
CONCLUSION
We find the defendant was not entitled to any set-off and the plaintiff properly complied with the provisions of LSA-R.S. 9:2781 for the purposes of awarding attorney fees. Accordingly, the judgment of the trial court is affirmed. All costs to be paid by the defendant.
AFFIRMED.